# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: K.J., E.J., & E.A.**

**No. 14-1270** (Putnam County 14-JA-7 through 14-JA-9)

**FILED**

June 15, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother P.J., by counsel Joshua Martin, appeals the Circuit Court of Putnam County's October 15, 2014, order terminating her parental, custodial, and guardianship rights to K.J., E.J., and E.A. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Gregory Courtright, filed a response on behalf of the children in support of the circuit court's order. Petitioner filed a supplemental appendix. On appeal, petitioner argues that the circuit court erred in prohibiting petitioner's expert from testifying and excluding his report during the dispositional hearing.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a prior abuse and neglect petition against petitioner seeking the termination of her parental rights to two older children. By order entered March 20, 2001, the circuit court terminated her parental rights to two older children. Subsequently, the DHHR filed an additional abuse and neglect petition against petitioner seeking the termination of her parental rights to a third child. In March of 2003, the circuit court also terminated her parental rights to the third child.

In February of 2014, the DHHR filed the current abuse and neglect petition against petitioner based upon her prior involuntary terminations in 2001 and 2003. The petition further alleged that petitioner failed to remedy the conditions that led to the prior terminations. Several months following the filing of the petition, the circuit court held a series of adjudicatory hearings during at which it ordered petitioner to submit to a parental fitness evaluation. The circuit court

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed at the time of the lower court proceedings.

advised petitioner that the DHHR would pay for the evaluation if it was conducted in West Virginia or she was free to obtain her own evaluation in Oklahoma at her expense.[2] The circuit court also permitted petitioner to have telephone contact with the children. After considering the evidence, the circuit court found that petitioner failed to provide the children with financial, physical, or emotion support for "several years." Accordingly, the circuit court adjudicated petitioner as a neglectful parent.

In June of 2014, Doctor Larry Vaught, Ph.D., performed a parental fitness evaluation on petitioner and prepared a report.[3] However, prior to the dispositional hearing the circuit court ordered West Virginia based Hudson Forensic Psychological to conduct a parental fitness evaluation on petitioner. The circuit court held a dispositional hearing on October 2, 2014, during which petitioner moved to permit Dr. Vaught to testify and to admit his report. The guardian objected to petitioner's motions. After considering the parties' arguments, the circuit court ruled that it "wasn't comfortable with having the parental fitness evaluator and evaluation done by the out-of-state provider," and denied petitioner's motion. Thereafter, the circuit court terminated petitioner's parental, custodial, and guardianship rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no abuse of discretion in the circuit court's evidentiary ruling.

Petitioner's sole assignment of error on appeal is that the circuit court erred in prohibiting her expert witness from testifying at the dispositional hearing and in excluding his report. We have previously held that:

---

[2]Petitioner lived in Oklahoma during the underlying proceedings while the children lived in West Virginia.

[3]Dr. Vaught is a licensed psychologist in the State of Oklahoma.

2

"The West Virginia Rules of Evidence. . . allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard."

Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995). The circuit court noted that Dr. Vaught's report was a "cursory psychological parental fitness report" and that "it appear[s] to be much less detailed and . . . contain much less information" than a circuit court generally expects. Furthermore, petitioner failed to present the circuit court with Dr. Vaught's credentials to qualify him as an expert. Importantly, the report failed to include any information regarding petitioner's prior terminations or whether petitioner acknowledged the underlying issues of abuse and neglect. Despite expressing its desire to have Dr. Vaught testify in person or by video, Dr. Vaught could only testify telephonically. We have ruled that, "[t]he admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong." Syl. Pt. 6, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700 (1991). For these reasons, we find no error in the circuit court's ruling excluding the evidence of petitioner's retained expert.

Furthermore, when a circuit court is evaluating whether to terminate a parent's parental, custodial, and guardianship rights pursuant to West Virginia Code § 49-6-5, the dispositive question remains whether there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future. The evidence supports the circuit court's order terminating petitioner's parental, custodial, and guardianship rights. Specifically, the circuit court found that petitioner failed to participate in multidisciplinary team meetings, failed to participate in services to remedy the current conditions of abuse and neglect, and failed to remedy the conditions of abuse and neglect that led to her prior involuntary terminations. These findings support the circuit court's conclusions that there was no reasonable likelihood to believe that the conditions of abuse and neglect could be substantially corrected in the near future, and that the termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings, just as the circuit court did in this case.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 15, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II